IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAYTON SULLIVAN,

      Plaintiff,                      No. CIV S-09-0354 EFB P

      vs.

RIO COSUMNES CORRECTIONAL
CENTER, et al.,

      Defendants.                 ORDER

_____/

      Plaintiff is a former inmate at Rio Cosumnes Correctional Center proceeding without

counsel in an action brought under 42 U.S.C. § 1983.  This proceeding was referred to this court

by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to

plaintiff's consent.  *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2), and thus,

the court will grant plaintiff's request.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek

redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

(9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  While it is clear that plaintiff intends to pursue claims based on prison officials' alleged deliberate indifference to his serious medical needs, in failing to properly treat his eye and nose injuries sustained in an attack by another inmate, plaintiff fails to state a cognizable claim against any defendant.

To state a claim that defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions showing that identified defendants knew of and disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S. at 835-37 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").  Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

Additionally, a plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  A supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'"  *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991)).  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff does not allege facts showing how any defendant was personally involved in the deprivation of his federal rights.  Plaintiff names the following defendants: Lt. Marsh, Dr. B. Lin, Rio Cosumnes Correctional Center, and Rio Cosumnes Correctional Center Medical Staff.

1    Compl. at 1, 2.  Plaintiff's factual allegations, however, contain no mention of the named

2    defendants, alleging simply: "I signed with E.N.T. dr. to have nose fixed[.] [F]acility never took

3    me back" and "I feel I didn't receive proper medical care."  Compl. at 3.  These allegations fail

4    make out cognizable claims because they do not inform how each named defendant was

5    deliberately indifferent to plaintiff's serious medical needs.  Plaintiff's claims against Rio

6    Cosumnes Correctional Center and its medical staff are also not cognizable, as plaintiff must

7    identify staff members by name and specifically state how each individual was deliberately

8    indifferent to his serious medical needs.

9        Plaintiff must file an amended complaint to proceed.  Plaintiff's amended complaint,

10   should he file one, must clearly identify the individuals he intends to name as defendants.

11   Plaintiff must also include sufficient factual allegations linking each defendant to an act or

12   omission that would indicate a deprivation of plaintiff's federal rights.

13       Any amended complaint must show that the federal court has jurisdiction and that

14   plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

15   allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

16   defendant only persons who personally participated in a substantial way in depriving plaintiff of

17   a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

18   subjects another to the deprivation of a constitutional right if he does an act, participates in

19   another's act or omits to perform an act he is legally required to do that causes the alleged

20   deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

21   participants and allege their agreement to deprive him of a specific federal constitutional right.

22       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

23   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.

24   Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

25   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

26   Unrelated claims against different defendants must be pursued in multiple lawsuits.

The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff should eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915A and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

////

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby ORDERS that:

1.  Plaintiff's request to proceed *in forma pauperis* is granted.

2.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to file an amended complaint will result in dismissal for failure to state a claim.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  August 16, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE